## COMMONWEALTH v. S. A. THOMPSON ET AL.

ERROR TO THE COURT OF QUARTER SESSIONS OF WARREN COUNTY.

Argued May 6, 1889—Decided May 27, 1889.

1. By the act of April 9, 1844, P. L. 230, the commissioners of roads and highways in Pine Grove township, Warren county, are clothed with the general charge and supervision of the township roads and bridges, and

with the duty to lay out and alter roads, at the request in writing of the citizens, if the commissioners shall deem the same necessary.

2. But an indictment does not lie against such commissioners for their refusal to lay out a road in obedience to the request in writing of a number of citizens of the township, even though the indictment allege that the commissioners deem the road necessary for the accommodation of the public.

3. The commissioners have a discretion, as to the necessity for the road, and the fact that they refused to lay out and return the road, must be taken as conclusive of their official opinion that no necessity exists for their action.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 430 January Term 1888, Sup. Ct.; court below, No. 13 March Term 1888, Q. S.

To the number and term of the court below, the grand jury returned as a true bill an indictment charging, in substance, that S. A. Thompson, D. M. Howard and Joseph Briggs, commissioners of roads and highways for Pine township, Warren county, unlawfully, wilfully and negligently refused to lay out and return for a public road a certain proposed road described, which the defendants had been requested in writing by the citizens of said township to so lay out and return, and which proposed road the defendants deemed "necessary to accommodate the public and the people owning and occupying lands and farms along the route" thereof.

The defendants moved to quash the indictment for the reasons following:

1. Said indictment does not charge said defendants with the commission of any act, or the omission of any duty as supervisors of Pine Grove township, for which such supervisors can be indicted and punished under the common law, or under any acts of assembly prescribing their duties as such supervisors.

2. Their duties as commissioners of roads, in regard to laying out roads, are defined by act of assembly of April 9, 1844, being a special act of assembly; said act prescribes no punishment for the neglect of such duties, and therefore they cannot be indicted for such neglect.

3. Commissioners of roads are only indictable for such acts· or omissions of duty as amount to a common nuisance to the

citizens of the commonwealth of Pennsylvania, and such nuisance must be so charged in the indictment, which this indictment fails to so charge.

After argument, the court, BROWN, P. J., filed the following opinion:

The defendants, road commissioners of Pine Grove township, are charged with unlawfully, wilfully and negligently refusing to lay out and return for a public road a certain road or locality described in the indictment. The duties of the road commissioners of the several townships of Warren county, as prescribed by § 6, act of April 9, 1844, P. L. 231, is to take general charge and supervision of all the roads in their respective townships, and thus far their duty is a positive one, and wholly without condition or qualification. It is their further duty to lay out roads at the request in writing of the citizens of the township, but this duty is upon the condition, "if they shall deem the same necessary." The laying out of a public road under the act is essentially discretionary, made so by the express words used. Being so, we think it cannot properly be said that there is a legal right to demand a road, or a legal duty to supply one.

The indictment, it is true, alleges that the defendants deemed said road necessary for the public accommodation, but it appears to us that the only evidence that can be given to show that defendants deemed the road asked for as necessary, is their official action laying out the road, and that the fact alleged in the indictment that they refused and neglected to lay out and return the road, must be taken as conclusive of their official opinion that no necessity exists for their action. We are of the opinion that if all the facts set forth in the indictment were proved, they would not justify the conviction of the defendants, and hence the motion to quash is made absolute.

The commonwealth thereupon took this writ assigning the quashing of the indictment as error.

*Mr. D. I. Ball* (with him *Mr. J. W. Dunkle*, District Attorney, and *Mr. C. C. Thompson*), for the plaintiff in error.

*Mr. W. W. Wilbur* (with him *Mr. Schnur*), for the defendants in error.

PER CURIAM:

We think the opinion of the learned judge below fully vindicates his action in quashing the bill of indictment. The defendants, as commissioners of roads and highways in the township of Pine Grove, were clothed with the general charge and supervision of all the roads and bridges in the said township, and with the duty to lay out and alter the roads, at the request in writing of the citizens thereof if they should deem the same necessary, and to make return thereof to the court. The indictment is for their refusal to lay out the road in question in obedience to the request in writing of a number of the citizens of this township. The refusal of the defendants to lay out this road is conclusive of the fact that they do not deem it necessary. That the commissioners have a discretion in this matter, is too plain to need argument; that they have exercised this discretion, is equally clear. If we concede that their discretion was not wisely exercised, they cannot be punished for their error by indictment and conviction as criminals.

Judgment affirmed.